IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michelle R. Notestone-Spangler,

    Plaintiff,

    v.                             Case No. 2:09-cv-0158

Michael J. Astrue,              JUDGE FROST
Commissioner of Social Security,

    Defendant.

## OPINION AND ORDER

This matter is before the Court to consider *de novo* Plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Commissioner. Those objections were filed on April 9, 2010. The Commissioner has not filed a response. Nevertheless, and for the following reasons, Plaintiff's Objections will be overruled and judgment will be entered for Defendant.

### I. Background

Plaintiff claimed disability due to multiple impairments including spinal stenosis, hypertension, asthma, diabetes, migraine headaches, and gastroesophageal reflux disease, some of which conditions resulted from multiple motor vehicle accidents. She had previously worked as a cosmetologist. The administrative decision found that she did have severe impairments including degenerative disc disease, arthritis in both knees, diabetes, depression, and marijuana abuse, but that she could still perform simple, unskilled work at the sedentary exertional level as long as she did not have any contact with the public and no more than superficial contact with supervisors and co-workers. Because the vocational expert who testified at the administrative hearing concluded that, even with these limitations, Plaintiff could do such sedentary unskilled jobs as assembler or inspector, the

Commissioner denied her claim for benefits.

In her statement of errors, Plaintiff raised two issues: that her spinal stenosis and obesity were not adequately taken into account and that the Commissioner improperly rejected the opinion of Dr. Ostrander, an evaluating (but not treating) mental health source. In rejecting these assignments of error, the Report and Recommendation concluded that the administrative decision adequately dealt with how limiting Plaintiff's spinal stenosis and obesity were, noting that the testifying medical expert provided reasons why Plaintiff's back condition did not preclude the performance of sedentary work, that the record did not suggest that her obesity interfered with her ability to work at that exertional level, and that the administrative decision reached a reasonable resolution of the conflicting evidence as to the extent of Plaintiff's psychological limitations. Thus, it was recommended that the case be decided in favor of the Commissioner.

## II. Plaintiff's Objection

In her objection to the Report and Recommendation, Plaintiff raises this objection: "The physical RFC for sedentary work failed to consider the combination of impairments from the adverse effects of obesity on her back and knee impairments." In support of this objection, she argues that the administrative decision's failure to acknowledge explicitly her obesity as a limiting condition, and the Commissioner's failure to follow Social Security Ruling 02-1p for the evaluation of obesity, require that the Court find that her treating doctor's opinion (which did take obesity into account) is controlling. Because that physician, Dr. LeuVoy, believed Plaintiff could not perform even sedentary work, she asserts that a finding of disability is appropriate.

In responding to this argument in his memorandum in

opposition to Plaintiff's statement of errors, the Commissioner noted both that the record, including Plaintiff's testimony, does not bear out her contention that her obesity limits her ability to function beyond those limitations already imposed by her back and knee problems, and that it was appropriate to assume that Dr. Miller, the testifying medical expert, took her obesity into account because he testified that he reviewed her medical records, including those from Dr. LeuVoy, and those records made mention of her obesity.  The Commissioner cites to cases such as Skarbek v. Barnhart, 390 F.3d 500 (7th Cir. 2004) for the proposition that if a medical specialist is aware of a claimant's obesity, it is reasonable for the Commissioner to adopt the opinion of that specialist as to the claimant's residual functional capacity without explicitly considering the claimant's obesity.

     Here, despite Plaintiff's argument to the contrary, it is reasonable to conclude that Dr. Miller, whose residual functional capacity finding was adopted by the Commissioner, knew about Plaintiff's obesity and took it into account when expressing his opinion.  Plaintiff's counsel specifically questioned Dr. Miller about the report which Plaintiff argues should be given controlling weight because it takes her obesity into account. The administrative record shows that the report was handed to Dr. Miller and that he reviewed it prior to answering questions about it.  (Tr. 473-74).  The report indicates Plaintiff's weight as 260 pounds.  (Tr. 357).  In response to counsel's questions, Dr. Miller testified that he did not view the report as providing substantial justification for the extreme limitations imposed by Dr. LeuVoy.  Dr. Miller was also present during Plaintiff's testimony, and Plaintiff was specifically asked about her weight, how it had fluctuated over the years, her current weight, the fact that she had lost almost sixty pounds, and the fact that the

weight loss did not reduce the pain in her back and legs. (Tr. 461-63). Additionally, she weighed twenty pounds less at the administrative hearing than when Dr. LeuVoy expressed his opinion about her disability.

Here, as was also the case in Skarbek, it is reasonable to assume that Dr. Miller took Plaintiff's weight into account and that the Commissioner could rely on his opinion without explicitly mentioning Plaintiff's obesity. It is also helpful to note that Dr. LeuVoy's opinion, which, according to Plaintiff, was influenced by the consideration of her obesity, does nothing more than note her weight. It does not specifically tie the limitations contained in the report to a combination of other impairments and obesity, and, in fact, does not mention obesity in that section of the report where Plaintiff's medical conditions were listed. It also left blank the space where the doctor's observations or medical evidence was to be cited in support of the physical limitations described in the report. Given those facts, it is hardly surprising (and certainly not grounds for reversal or remand) that the Commissioner's decision did not contain a more explicit discussion of obesity as a limiting condition. Thus, the Court finds no merit to Plaintiff's objection.

### III. Conclusion

For these reasons, Plaintiff's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED and the Report and Recommendation is ADOPTED. The Plaintiff's statement of errors is OVERRULED, the decision of the Commissioner is AFFIRMED, and the Clerk is directed to enter judgment in favor of the Defendant.

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE